

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

05 OCT -3 PM 2:50

CLERK-SANTA FE

| | |
|---|---|
| THE STATE OF NEW MEXICO ex rel. GOVERNOR BILL RICHARDSON, ATTORNEY GENERAL PATRICIA MADRID, et al. | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 05-0460 BB/RHS ) |
| BUREAU OF LAND MANAGEMENT, et al., | ) ) |
| Federal Defendants, | ) ) |
| and | ) ) |
| INDEPENDENT PETROLEUM ASSOCIATION OF NEW MEXICO, | ) ) ) |
| Defendant-Intervenor. | ) and ) |
| NEW MEXICO WILDERNESS ALLIANCE, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 05-0588 BB/RHS ) (consolidated) |
| LINDA RUNDELL, et al., | ) ) |
| Federal Defendants. | ) ) |

### THE STATE OF NEW MEXICO'S PROPOSED FINDINGS AND CONCLUSIONS
### RE NEW MEXICO COMMISSIONER OF PUBLIC LANDS' MOTION TO INTERVENE

Plaintiffs State of New Mexico ex rel. Governor Bill Richardson, Attorney General Patricia A. Madrid, et al. ("the State") submit these proposed Findings and Conclusions in compliance with the Court's order issued September 23, 2005.

STATE'S PROPOSED FINDINGS AND CONCLUSIONS RE
LAND COMMISSIONER'S MOTION TO INTERVENE -- 1



FINDINGS OF FACT

1. This action consists of two consolidated cases in which the plaintiffs challenge actions taken by the United States Bureau of Land Management ("BLM") and its officials. Case No. 05-460, filed on April 22, 2005, was brought by the State of New Mexico on the relation of Governor Bill Richardson, Attorney General Patricia Madrid, three state agencies, and the State Historic Preservation Officer. Case No. 05-588 was filed on May 26, 2005, by several conservation groups.

2. On June 28, 2005, the Independent Petroleum Association of New Mexico ("IPANM") moved to intervene in this action "for the purpose of defending the Bureau of Land Management's Resource Management Plan Amendment for Federal Fluid Minerals Leasing and Development in Sierra and Otero Counties ("RMPA")." (Dkt. Nos. 4 & 5) The Court entered an order granting IPANM's motion to intervene on August 8, 2005. (Dkt. No. 10)

3. On August 15, 2005, the New Mexico Commissioner of Public Lands ("Commissioner") filed his Motion to Intervene in this action "for the purpose of filing a brief supporting the Bureau of Land Management's Resource Management Plan Amendment for Federal Fluid Minerals Leasing and Development in Sierra and Otero Counties ("RMPA") and the Record of Decision (the "ROD")."

4. The Commissioner seeks to appear in both consolidated cases on behalf of the defendant BLM. In Case No. 05-460, the Commissioner seeks to appear in opposition to the state. Neither of the consolidated cases is a suit brought by the United States government to determine title to state lands.

5. The Commissioner did not seek representation of his interest by the New Mexico Attorney General ("Attorney General"), and the attorneys representing him have not been commissioned by the Attorney General to appear in this action.

6. The Commissioner asserts that he should be permitted to intervene as a defendant in this action and to oppose the State. He argues further that if the State and the BLM were to reach an agreement to settle this case, he should be permitted to oppose the settlement and seek to block it if he wishes.

7. The Commissioner does not have a legal interest in the property or transactions that are the subject of this action that is distinct from the interest of the State, which is represented by the Attorney General.

8. Although BLM, IPANM, and the Commissioner may not share all of the same motivations, they share the same objective in this action. BLM, IPANM, and the Commissioner all seek to defend the BLM's actions against the challenges brought by the State and conservation groups. BLM and IPANM cannot advocate their position without also advocating the Commissioner's position.

9. The Commissioner has cited his ability to provide additional expertise beyond that provided by existing parties as evidence that neither the BLM nor IPANM will adequately represent his interests. However, this action is a review of administrative action. The record to be reviewed was developed in the administrative proceeding and may be supplemented only in certain limited circumstances, which the Commissioner has not shown.

10. The Commissioner has also cited as evidence of inadequate representation the possibility that he would seek to appeal a decision or block a settlement that BLM and IPANM may find acceptable.

11. The interests of the Commissioner are adequately represented by existing parties.

12. Permissive intervention pursuant to Fed. R. Civ. 24(b) is within the discretion of this Court. In the absence of New Mexico authority for the Commissioner to raise claims or defenses separate from those asserted by the state, which is represented by the Attorney General, there is no reason for the Court to consider permissive intervention. Allowing intervention by the Commissioner would prejudice the Attorney General's exercise of her statutory duty to represent the interests of the state in this litigation.

13. Additionally, intervention is not warranted in view of the adequate representation provided by existing parties.

14. The Attorney General has offered to allow the Commissioner to file a brief in this action as *amicus curiae*.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. §§ 2201-2 (declaratory judgment and injunctive relief), and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because this is an action against United States agencies and officials and because a substantial part of the events and omissions giving rise to the claims in this case occurred in New Mexico.

3. In order to prevail in his Motion to Intervene, the Commissioner must demonstrate that he has a legally protectable interest that is not adequately represented by existing parties. Fed. R. Civ. P. 24. The interest must be one that the substantive law of New Mexico recognizes as belonging to him and authorizes him to advance in court litigation. *See Saldano v. Roach*, 363 F.3d 545, 551-52 (5th Cir. 1984).

4. The duties and authority of both the Commissioner and the Attorney General are prescribed by the Constitution and statutes of the State of New Mexico.

5. Pursuant to New Mexico law, the Attorney General is the state official charged with appearing in Court on behalf of the state. NMSA 1978, § 8-5-2 states, in part:

> Except as otherwise provided by law, the attorney general shall:
>
>> B. prosecute and defend in any other court or tribunal all actions and proceedings, civil or criminal, in which the state may be a party or interested when, in his judgment, the interest of the state requires such action or when requested to do so by the governor;
>>
>> C. prosecute and defend all actions and proceedings brought by or against any state officer or head of a state department, board or commission, or any employee of the state in his official capacity;
>>
>> . . . .
>>
>> J. appear before local, state and federal courts ... to represent and to be heard on behalf of the state when, in his judgment, the public interest of the state requires such action or when requested to do so by the governor[.]

6. NMSA 1978, § 8-5-4 restricts the authority of state departments, boards, and commissions to hire attorneys to represent them as follows:

> No compensation shall be allowed to any person for services as an attorney or counselor to any department of the state government, or the

> head thereof, or to any state board or commission, except in cases specially authorized by law, but special legal assistance, may be employed by the attorney general, under his direction and control, at a reasonable compensation, in any pending action or proceeding to protect the interest of the state, with the consent and approval of the governor upon showing made by the attorney general that his department cannot for reasons stated perform such services. The costs of such special legal assistance shall be paid by the department out of which such suit or proceeding originated.

7. The authority of the Attorney General with respect to litigation is further set forth in NMSA 1978 § 36-1-19 (1985) and § 36-1-22. Section 36-1-19 states, in part:

> [N]o one shall represent the state or any county thereof in any matter in which the state or county is interested except the attorney general, his legally appointed and qualified assistants or the district attorney or his legally appointed and qualified assistants and such associate counsel as may appear on order of the court, with the consent of the attorney general or district attorney.

Section 36-1-22 provides for the management and control of litigation in which the state is a party as follows:

> The attorney general and the district attorneys ... of this state in their respective districts, when any civil proceedings may be pending in their respective districts, in the district court, in which the state or any county may be a party ... shall have power to compromise or settle said suit or proceeding, or grant a release or enter satisfaction in whole or in part, of any claim or judgment in the name of the state or county, or dismiss the same, or take any other steps or proceedings therein which to him may appear proper and right; and all such civil suits and proceedings shall be entirely under the management and control of the said attorney general or district attorneys, and all compromises, releases and satisfactions heretofore made or entered into by said officers are hereby confirmed and ratified.

8. The Attorney General has the duty and authority to represent the interests of the State and its officials in all litigation before state and federal courts, except where the legislature

has expressly allowed state agencies to hire their own attorneys for such litigation without involvement of the Attorney General.

9. Pursuant to Article XIII, § 2 of the New Mexico Constitution, the Commissioner is charged with the direction, control, care, and disposition of public lands owned by the State of New Mexico. NMSA 1978, § 19-1-1 adds the management and custody of such lands to his responsibilities.

10. The Commissioner is an agent of the state and cannot substitute himself for the state in litigation. *State ex rel. Del Curto v. District Court*, 51 N.M. 297, 306, 308, 183 P.2d 607 (1947).

11. The New Mexico legislature has set out the Commissioner's authority regarding litigation in NMSA 1978, § 19-1-9, which provides that he may employ attorneys "to defend contest suits brought by the United States government to determine title to school or other state lands," and may "subpoena such witnesses as are deemed necessary in behalf of the state in defense of such suits[.]" No other provision of New Mexico's Constitution or statutes or its Enabling Act, 36 *Stat.* 557, Chapter 310 (1910), enlarges the Commissioner's authority to appear in litigation.

12. The New Mexico legislature has a long history of very clearly delineating the specific circumstances when it wishes to authorize a state agency to appear in court litigation without involvement of the Attorney General. In chapter 111 of the laws of 1917, the legislature created the boundary commission and authorized it to hire special counsel to represent the state in pending litigation and to bring any other litigation necessary to determine the boundary lines

between New Mexico and Texas and New Mexico and Colorado. *See Clancy v. Hall*, 23 N.M. 422, 168 P. 715, 716 (1917).

13.     Two provisions of current law are in sharp contrast to the limited litigation authority granted to the Commissioner in NMSA 1978, § 19-1-9. NMSA 1978, § 8-8-4(B)(3) specifies that the Public Regulation Commission may "[r]etain competent attorneys to handle the legal matters of the commission and ... to represent the commission in any legal proceedings." Similarly, the State Highway Commission may employ an attorney to "represent the interests of the commission or its employees in any case before any court or tribunal in which the official duties, powers, rights or privileges of the commission or any of its employees or agents may be involved or affected ...." NMSA 1978, § 67-3-12(D).

14.     In light of the clarity and specificity with which the New Mexico legislature grants authority to state agencies to employ attorneys to represent them in court litigation without involvement of the Attorney General, coupled with the restrictive provisions of § 19-1-9, no implied authority for the Commissioner can be found in the delineation of his Constitutional or statutory duties.

15.     In granting plenary and exclusive authority over court litigation to the Attorney General except in carefully specified instances, the New Mexico legislature has sought to assure that litigation prosecuted on behalf of the state is consistent, coordinated, and furthers the overall interests of the state.

16.     The Commissioner has no authority under New Mexico law to intervene in this action.

STATE'S PROPOSED FINDINGS AND CONCLUSIONS RE
LAND COMMISSIONER'S MOTION TO INTERVENE -- 8

17. The state plaintiffs in this action, the Governor, the Attorney General, the Departments of Energy, Minerals and Natural Resource, the Game and Fish Department, the Environment Department, and the State Historic Preservation Officer, all have direct, substantial, and legally protectable interests over the federal lands or fluid minerals that are the subject of this action, by virtue of their status under the federal laws involved in this litigation and/or their regulatory authority over various aspects of said federal lands or fluid minerals.

18. The Commissioner has no authority over any of the federal lands or fluid minerals that are the subject of this action. His authority extends only to adjacent state trust lands.

19. The Commissioner is charged with the care and custody of state trust lands. He has no duty under the Enabling Act, or New Mexico's Constitution and statutes, to maximize short term oil and gas revenues from those lands. Thus, the position of the State in this action, in seeking optimal, long-term protection for the resources on and under federal lands, including the Salt Basin aquifer underlying both federal and state lands, is consistent with his statutory duties. There is nothing in those duties precluding him from joining the named state plaintiffs.

20. Because the Commissioner has no separate Constitutional or statutory interest apart from that of the State, as represented by the Attorney General, he has no legally protectable interest in this action.

21. Even if the Commissioner were deemed to have demonstrated a legally protectable interest, his stated objective of supporting the BLM's RMPA is adequately represented by the BLM and the IPANM.

22. Under the standards of the Tenth Circuit, if a prospective intervenor shares the same objective as an existing party, he must give specific reasons why the existing party's

representation is not adequate. *San Juan County v. United States*, ___ F.3d ___, 2005 WL 2083032 (10th Cir. 2005), citing *Kiamichi R.R. Co. v. Nat'l Mediation Bd.*, 986 F.2d 1341, 1345 (10th Cir. 1993).

23. This action is to be processed as an appeal in accordance with the Federal Rules of Appellate Procedure, as mandated by *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994). As such, there is no opportunity to provide additional expertise except in certain limited circumstances that the Commissioner has not shown are met in this case.

24. It is not the intent of the New Mexico Constitution or statutes to allow a state official to contravene a legal position or block a settlement agreed to by the Governor and the Attorney General.

25. The Commissioner does not meet the requirements for intervention of right pursuant to Fed. R. Civ. P. 24(a) or for permissive intervention pursuant to Fed. R. Civ. 24(b).

IT IS THEREFORE ORDERED THAT

**A.** The Commissioner's motion to intervene in this action as of right or by permission of this Court is denied.

**B.** The Commissioner may file a brief as *amicus curiae*.

Dated: October 3, 2005                             Respectfully submitted,

                                                   /s/ Stephen R. Farris
                                                   Alletta Belin
                                                   Steven Sugarman
                                                   Special Assistant Attorneys General
                                                   BELIN & SUGARMAN
                                                   618 Paseo de Peralta
                                                   Santa Fe, New Mexico 87501

STATE'S PROPOSED FINDINGS AND CONCLUSIONS RE
LAND COMMISSIONER'S MOTION TO INTERVENE -- 10

Ph: 505-983-8936
Fax: 505-983-0036


PATRICIA A. MADRID, ATTORNEY GENERAL

*[signature]*

Stephen R. Farris
Frances C. Bassett
Judith Ann Moore
Assistant Attorneys General
P.O. Drawer 1508
Santa Fe, New Mexico  87504-1508
Ph: 505-827-6010
Fax: 505-827-4440

Attorneys for State of New Mexico *ex rel.*
Governor Bill Richardson; Attorney General
Patricia Madrid; New Mexico Energy, Minerals
& Natural Resources Department; New Mexico
Department of Game & Fish; New Mexico
Environment Department; and Katherine Slick

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2005, copies of THE STATE OF NEW MEXICO'S PROPOSED FINDINGS AND CONCLUSIONS RE NEW MEXICO COMMISSIONER OF PUBLIC LANDS' MOTION TO INTERVENE were served by U.S. mail on the following counsel of record:

Andrew A. Smith
U.S. Department of Justice
Environment & Natural Resources Division
c/o U.S. Attorney's Office
P.O. Box 607
Albuquerque, NM  87103

Alison Roberts, Esq.
William Perry Pendley, Esq.
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227

Patrick J. Rogers, Esq.
Earl E. DeBrine, Jr., Esq.
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
500 Fourth St. NW
Albuquerque, NM  87103-2168

Robert A. Stranahan, IV
Katherine M. Moss
Christopher G. Schatzman
New Mexico State Land Office
P.O. Box 1148
310 Old Santa Fe Trail
Santa Fe, NM 87504-1148

James S. Angell
McCrystie Adams
Nicholas Persampieri
Earthjustice
1400 Glenarm Place #300
Denver, CO  80202

David L. Plotsky
122 Girard Ave., SE
Albuquerque, NM  87106


/s/ Judith Ann Moore
Judith Ann Moore

STATE'S PROPOSED FINDINGS AND CONCLUSIONS RE
LAND COMMISSIONER'S MOTION TO INTERVENE -- 12