IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

STATE OF NEW MEXICO ex rel.
GOVERNOR BILL RICHARDSON, et al.,

      **Plaintiffs,**

v.                                                       No. CIV 05-460 BB/RHS

BUREAU OF LAND MANAGEMENT, et al.,

      **Federal Defendants,**

and

INDEPENDENT PETROLEUM
ASSOCIATION OF NEW MEXICO,

      **Defendant-Intervenor.**

                                                                         Consolidated with

NEW MEXICO WILDERNESS ALLIANCE,
et al.

      **Plaintiffs,**

v.                                                       No. CIV 05-588 BB/RHS

LINDA RUNDELL, et al.,

      **Defendants,**

and

INDEPENDENT PETROLEUM
ASSOCIATION OF NEW MEXICO,

      **Intervenor.**

**COURT'S FINDINGS OF FACT
AND CONCLUSIONS OF LAW
AND
ORDER DENYING INTERVENTION**

**THIS MATTER** came on for a hearing on September 23, 2005, and having heard the arguments of counsel, and considered the proposed findings of fact and conclusions of law submitted by the parties and reviewed the relevant law, the following are the Court's findings of fact and conclusions of law:

**Findings of Fact**

1. This action consists of two consolidated cases in which Plaintiffs challenge actions taken by the United States Bureau of Land Management ("BLM") and its officials. Case No. 05-460, filed on April 22, 2005, was brought by the State of New Mexico on the relation of Governor Bill Richardson, Attorney General Patricia Madrid, three state agencies, and the State Historical Preservation Officer ("the State"). Case No. 05-588, was filed on May 26, 2005, by several conservation groups.

2. On June 28, 2005, the Independent Petroleum Association of New Mexico ("IPANM") moved to intervene in this action "for the purpose of defendant the Bureau of Land Management's Resource Management Plan Amendment for Federal Fluid Minerals Leasing and Development in Sierra and Otero Counties

("Resource Plan")." The Court entered an order granting IPANM's motion to intervene on August 8, 2005.

3. On August 15, 2005, the New Mexico Commissioner of Public Lands ("Commissioner") filed his Motion to Intervene in this action "for the purpose of filing a brief supporting the BLM's Resource Plan and the Record of Decision ("ROD")." The Commissioner seeks to appear in both consolidated cases on behalf of Defendant BLM.

4. The Commissioner is a constitutional officer of the State of New Mexico, elected by the people, and is charged with the management, care, custody, control, and disposition of the state trust lands.

5. In Case No. 05-460, the Commissioner expressly seeks to appear in opposition to the State. The Commissioner does not have a legal interest in the property or transactions that are the subject of this action that is distinct from the interest of the State, which is represented by the Attorney General. However, he argues that if the State and the BLM were to reach an agreement to settle this case, he should be permitted to oppose the settlement and seek to block it if he wishes.

6. The BLM and IPANM share the same basic motivations and objectives in this action as the Commissioner, and they are totally consistent with positions thus far advanced by the Commissioner and the BLM and IPANM.

**7.     The Commissioner has cited his expertise beyond that provided by existing parties as evidence that neither the BLM nor IPANM will adequately represent his interests. However, a case is a review of an administrative action. The record to be reviewed was developed in the administrative proceeding and may be supplemented only in certain limited circumstances, which the Commissioner has not shown. Indeed, the Commissioner evidenced virtually no interest in developing the underlying administrative record.**

**8.     The interests of the Commissioner are adequately represented by existing parties.**

### Conclusions of Law

**1.     The Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. §§ 2201-2, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.***

**2.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e).**

**3.     In order to prevail in his Motion to Intervene, the Commissioner must demonstrate that he has a legally protectable interest that is not adequately represented by existing parties. Fed. R. Civ. P. 24. *See Saldano v. Roach*, 363 F.3d 545, 551-52 (5th Cir. 2004).**

**4.     The duties and authority of both the Commissioner and the Attorney General are prescribed by the Constitution and statutes of the State of New Mexico.**

**5.     Pursuant to New Mexico law, the Attorney General is the state official charged with appearing in Court on behalf of the State. NMSA 1978, § 8-5-2.**

6. **The Attorney General has the duty and authority to represent the interests of the State and its officials in all litigation before state and federal courts, except where the legislature has expressly allowed state agencies to hire their own attorneys for such litigation.**

7. **Pursuant to Article XIII, § 2 of the New Mexico Constitution, the Commissioner is charged with the direction, control, care, and disposition of public lands owned by the State. The Commissioner may be an agent of the State for these limited and specific purposes, but cannot substitute himself for the State itself in litigation.** *State el rel. Del Curto v. District Court*, **183 P.2d 607 (N.M. 1947).**

8. **The New Mexico legislature has set out the Commissioner's authority regarding litigation in NMSA 1978, § 19-1-9, which provides that he may employ attorneys "to defend contest suits brought by the United States government to determine title to school or other state lands," and may "subpoena such witnesses as are deemed necessary in behalf of the state in defense of such suit[.]"**

9. **This express delegation of authority, when coupled with the restrictive provisions of § 19-1-9, allows no implied authority which would justify intervention by the Commissioner.**

10. **It is not the intent of the New Mexico Constitution or statutes to allow another state official to take a position in contravention to, block the settlement of, a lawsuit agreed to by the Governor and the Attorney General.**

11. In the absence of New Mexico legal authority for the Commissioner to raise claims or defenses separate and apart from those asserted by the State, there is no reason for the Court to grant intervention as of right.

12. Even if the Commissioner were deemed to have demonstrated a legally protectable interest, then, his stated objective of supporting the BLM's Resource Plan is adequately represented by the BLM and the IPANM.

13. The Commissioner does not meet the requirements for intervention of right pursuant to Federal Rule of Civil Procedure 24(a) or for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b).

All tendered findings and conclusions not incorporated herein are deemed Denied.

## O R D E R

Based on the above:

a. The Commissioner's motion to intervene in this action as of right or by permission of this Court is DENIED; but

b. The Commissioner may file a brief as *amicus curiae*.

SO ORDERED this 19th day of October, 2005.

 

_____
**BRUCE D. BLACK**
United States District Judge