IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| THE STATE OF NEW MEXICO ex rel. GOVERNOR BILL RICHARDSON, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | Civ. No. 05-0460 BB/RHS |
| BUREAU OF LAND MANAGEMENT, et al., | ) ) | |
| Federal Defendants, | ) ) | |
| and | ) ) | |
| INDEPENDENT PETROLEUM ASSOCIATION OF NEW MEXICO, | ) ) ) | |
| Defendant-Intervenor. | ) ) | and |
| NEW MEXICO WILDERNESS ALLIANCE, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. No. 05-0588 BB/RHS (consolidated) |
| LINDA RUNDELL, et al., | ) ) | |
| Federal Defendants. | ) ) | |

**STATE OF NEW MEXICO'S
MOTION TO CONSIDER ADMINISTRATIVE RECORD
DOCUMENTS IN RELATION TO RMPA CLAIMS**

State of New Mexico Plaintiffs hereby move the Court to consider certain documents in the Administrative Record in this case in reviewing Plaintiffs' challenges to the Bureau of Land Management's (BLM) Resource Management Plan Amendment for Fluid Minerals Leasing and Development in Otero and Sierra Counties (RMPA). All of the documents are contained in the Record lodged with the Court by Federal Defendants on August 31, 2005 [Doc. No. 42]. However, Federal Defendants claim that because the

STATE'S MOTION TO CONSIDER RECORD DOCUMENTS -- 1

documents were submitted to BLM in connection with BLM's consideration of the 1600-acre Otero Mesa lease after BLM's approval of the RMPA Record of Decision, the documents cannot be considered by the Court in its review of Plaintiffs' legal challenges to the RMPA. BLM Resp. Br. to State Opening Br. at 12 [Dkt. No. 94]

The scope of judicial review in cases brought under the Administrative Procedure Act ("APA") generally is limited to the administrative record that was before the agency at the time it made its decision. Bar MK Ranches v. Yeutter, 994 F.2d 735, 739 (10th Cir. 1993). There are, however, certain well-recognized exceptions to the rule limiting review to the administrative record as of the time of the decision. The court may allow consideration of extra-record materials if necessary to determine whether the agency has considered all relevant factors, including evidence contrary to the agency's position, and whether it has adequately explained its decision. Franklin Savings Ass'n v. Director, Office of Thrift Supervision, 934 F.2d 1127, 1137-38 (10th Cir. 1991); see also National Audubon Society v. U.S. Forest Service, 46 F.3d 1437, 1447-48 (9th Cir. 1993). This exception to the rule is commonly applied when the case deals with highly technical issues. Inland Empire Pub. Lands Council v. U.S. Forest Service, 88 F.3d 754, 760 n.5 (9th Cir. 1996). As the Ninth Circuit has pointed out, there is often good cause to invoke this exception:

> It will often be impossible . . . for the court to determine whether the agency took into consideration all relevant factors unless it looks outside the record to determine what matters the agency should have considered but did not. The court cannot adequately discharge its duty to engage in a "substantial inquiry" if it is required to take the agency's word that it considered all relevant factors.

Asarco, Inc. v. U.S.E.P.A., 616 F.2d 1153, 1160 (9th Cir. 1980).

STATE'S MOTION TO CONSIDER RECORD DOCUMENTS -- 2

In addition, a court may consider post-decisional evidence when that evidence disproves the assumptions upon which the challenged decision relies. See Ass'n of Pac. Fisheries v. EPA, 615 F.2d 794, 811-12 (9th Cir. 1980) ("If the post decisional studies showed that the Agency proceeded upon assumptions that were entirely fictional or utterly without scientific support, then post decisional data might be utilized by the party challenging the regulation"); American Petroleum Inst. v. EPA, 540 F. 2d 1023, 1034 (10th Cir. 1976), cert. denied, 4 U.S.C. 922 (1977) ("After promulgation, events indicating the truth or falsity of agency predictions should not be ignored"); Stephen Stark & Sarah Wald, Setting No Records: The Failed Attempt to Limit the Record in Review of Administrative Action, 36 ADMIN. L. REV. 333, 344 (1984) (court may consider extra-record evidence "in cases where evidence arising after the agency action shows whether the decision was correct or not"). As the Ninth Circuit has explained, "in NEPA cases, the court may extend its review beyond the administrative record and permit the introduction of new evidence where the plaintiff alleges that an EIS has neglected to mention a serious environmental consequence, failed adequately to discuss some reasonable alternative, or otherwise swept stubborn problems or serious criticism . . . under the rug." Oregon Natural Resources Council v. Lowe, 109 F. 3d 521, 526-7 (9th Cir. 1997) (internal quotations and citation omitted); see Sierra Club v. U. S. Forest Service, 843 F.2d 1190, 1193-4 (9th Cir. 1988) (extra-record testimony and affidavits permitted to dispute Forest Service conclusion of no significant environmental impacts in NEPA case).

By this motion, the State requests that, in its review of Plaintiffs' challenges to the RMPA, the Court consider Record documents submitted by the State and Conservation

STATE'S MOTION TO CONSIDER RECORD DOCUMENTS -- 3

Plaintiffs to BLM in relation to the challenged 1600-acre oil and gas lease on Otero Mesa.  These documents are contained in the Record at AR 18451-20194.  A number of these documents are pre-decisional BLM documents that Federal Defendants do not claim are excluded from the RMPA Administrative Record.  However, the documents also include six declarations by technical experts that were submitted by the State and four declarations that were submitted by Conservation Plaintiffs to BLM after BLM's January 24, 2005, approval of the RMPA Record of Decision but before the July 20 lease sale.[1]  Federal Defendants claim that these declarations, and specifically the declaration of New Mexico Department of Game and Fish biologist Mark Watson, are not part of the RMPA Administrative Record.  Fed. Br. at 12.

The Watson declaration and the other declarations indicate that BLM's predictions concerning the environmental impacts of the RMPA were false, American Petroleum Inst. v. EPA, 540 F. 2d at 1034, and that the BLM premised its approval of the RMPA on assumptions that were "fictional" and "without scientific support."  Ass'n of Pac. Fisheries v. EPA, 615 F.2d at 811-12.  The Watson declaration, for example, explains that whereas the Department of Game and Fish (DGF) supported the original Alternative A because it believed the NSO stipulation would have reasonably protected

---

[1] The declarations that are the focus of this Motion are those of Dr. Robert Sivinski (botanist for New Mexico Energy, Minerals and Natural Resources Department) (**AR 18536**), Mark E. Fesmire, PE (Director of New Mexico Oil Conservation Division) (AR 18559), Richard Ezeanyim, (Chief Engineer of New Mexico Oil Conservation Division) (AR 18566), Dr. David S. Brookshire (environmental and natural resource economist, University of New Mexico) (AR 18577), Steven Finch (hydrogeologist-geochemist, John Shomaker & Assocs.) (AR 18771), Mark Watson (biologist and terrestrial habitat specialist, New Mexico Department of Game and Fish) (AR 18771), Dr. Walter Whitford (Professor Emeritus of Biology, New Mexico State University) (AR 18453), Dr. Robert Tafanelli (retired biology professor, New Mexico State University) (AR 18462), Steve West (biology teacher, Carlsbad) (AR18472), and Kevin Bixby (biologist and director of Southwest Environmental Center) (AR 18465).

STATE'S MOTION TO CONSIDER RECORD DOCUMENTS  --  4

wildlife against habitat fragmentation by barring construction of new roads, it opposed the new Alternative A-Modified because it would not limit new roads and thus would not provide sufficient habitat protection for wildlife. AR 18772-73. Thus, BLM's assumption that the impacts of Alternative A-Modified are the same as those of Alternative A is false. Moreover, BLM's refusal to issue a Supplemental Draft EIS addressing the impacts of Alternative A-Modified short-circuited DGF's opportunity both to analyze the impacts of the new alternative and to provide meaningful pre-decisional comments to BLM.

The other declarations submitted by the State and Conservation Plaintiffs similarly reveal BLM's false assumptions and predictions. For example, Dr. Sivinski testifies, based on years of experience in the Chihuahuan Desert ecoregion, that reclamation of disturbed areas with native vegetation is extremely difficult and that BLM's assertions of past successful reclamation are erroneous. **AR 18536-42.** Similarly, Dr. Whitford notes that "[v]irtually all efforts to restore or recuperate Chihuahuan Desert grasslands have failed," and that BLM's claim that well pads, roads and pipeline corridors can be re-vegetated or restored is "contradicted by more than 30 years of research by scientists who have tried to restore disturbed Chihuahuan Desert areas to grassland." **AR 18458a.**[2] And the Declaration of Steven Finch and the

---

[2] The Whitford Declaration states as follows:

> The BLM claims that well pads, roads and pipeline corridors can be re-vegetated or "restored". To restore means to return to the pre-disturbance condition (same plant species in the same relative abundance and cover). This claim is not [sic] contradicted by more than 30 years of research by scientists who have tried to restore disturbed Chihuahuan Desert areas to grassland.

STATE'S MOTION TO CONSIDER RECORD DOCUMENTS -- 5

accompanying hydrological report by Melanie Luna make it clear that BLM's claim that any contamination impacts to ground water will be minimal is without any scientific basis.  **AR 18635-42**; **AR 18652-18769**.  The other declarants point out other scientific and technical errors that flawed BLM's assumptions and predictions in the NEPA documents for the RMPA.

## CONCLUSION

Because the declaration submitted by Plaintiffs "indicate the falsity" of the predictions and assumptions contained in BLM's NEPA documents for the RMPA, they should be considered by the Court in its review of Plaintiffs' challenges to the RMPA. See American Petroleum Inst. v. EPA, 540 F. 2d at 1034; Franklin Savings Ass'n v. Director, Office of Thrift Supervision, 934 F.2d at 1137-38.

Respectfully submitted this 10th day of January, 2006.

       ___electronically filed____
Alletta Belin
Steven Sugarman
Special Assistant Attorneys General
BELIN & SUGARMAN
618 Paseo de Peralta
Santa Fe, New Mexico  87501
Ph:  505-983-8936
Fax:  505-983-0036

PATRICIA A. MADRID, ATTORNEY GENERAL

       ___electronically filed_____
Stephen R. Farris
Judith Ann Moore
Assistant Attorneys General

---

The language and context of the declaration, as well as Dr. Whitford's other Record submissions, make it clear that inclusion of the word "not" in the third sentence was an inadvertent error.  **AR 18453-61; 14100-04; 17272-77.**

STATE'S MOTION TO CONSIDER RECORD DOCUMENTS  --  6

          P.O. Drawer 1508
          Santa Fe, New Mexico  87504-1508
          Ph:  505-827-6010
          Fax:  505-827-4440

          Attorneys for State of New Mexico *ex rel.*
          Governor Bill Richardson; Attorney General
          Patricia Madrid; New Mexico Energy, Minerals
          & Natural Resources Department; New Mexico
          Department of Game & Fish; New Mexico
          Environment Department; and Katherine Slick

STATE'S MOTION TO CONSIDER RECORD DOCUMENTS  --  7

## **CERTIFICATE OF SERVICE**

       I hereby certify that on January 10, 2006, copies of the foregoing pleading were served by U.S. mail on the following counsel of record:

| | |
|---|---|
| Andrew A. Smith<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>c/o U.S. Attorney's Office<br>P.O. Box 607<br>Albuquerque, NM  87103 | Elizabeth S. Merritt, Deputy General Counsel<br>Michael D. Smith, Public Lands Counsel<br>National Trust for Historic Preservation<br>in the United States<br>1785 Massachusetts Avenue NW<br>Washington, D.C.  20036 |
| Ronald Opsahl, Esq.<br>William Perry Pendley, Esq.<br>Mountain States Legal Foundation<br>2596 South Lewis Way<br>Lakewood, Colorado 80227 | Erik Schlenker-Goodrich<br>Western Environmental Law Center<br>P.O. Box 1507<br>Taos, New Mexico  87571 |
| Patrick J. Rogers, Esq.<br>Earl E. DeBrine, Jr., Esq.<br>Modrall, Sperling, Roehl, Harris & Sisk, P.A.<br>500 Fourth St. NW<br>Albuquerque, NM  87103-2168 | Robert A. Stranahan, IV<br>Katherine M. Moss<br>Christopher G. Schatzman<br>New Mexico State Land Office<br>310 Old Santa Fe Trail<br>P.O. Box 1148<br>Santa Fe, New Mexico 87504-1148 |
| Jason Bowles<br>Bowles & Crow<br>600 Central SW, Ste. 111<br>Albuquerque, NM  87102 | James S. Angell<br>Nick Persampieri<br>Earthjustice<br>1400 Glenarm Place #300<br>Denver, CO  80202 |
| | David L. Plotsky<br>122 Girard Ave., SE<br>Albuquerque, NM  87106 |

    ___electronically filed_____
Alletta Belin

STATE'S MOTION TO CONSIDER RECORD  DOCUMENTS  -- 8